UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE LYNN MUHEIM, | CASE NO. 2:17-cv-00247 RSM JRC |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| v. | |
| | NOTING DATE: November 17, 2017 |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed.  *See* Dkt. 11, 12, 13.

After considering and reviewing the record, the Court concludes that the ALJ erred when he discounted the medical opinion of Dr. Mark Heilbrunn.  The ALJ failed to provide specific and legitimate reasons supported by substantial evidence when he

discounted Dr. Heilbrunn's opinion as: (1) internally inconsistent; (2) incompatible with certain of plaintiff's activities; and (3) contrary to the ALJ's own determination. In addition, the ALJ failed to address entirely some of the functional limitations opined by Dr. Heilbrunn. Had the ALJ properly considered Dr. Heilbrunn's opinion, the residual functional capacity ("RFC") may have included additional limitations.

Because this error is not harmless, this matter should be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this Report and Recommendation.

BACKGROUND

Plaintiff, STEPHANIE LYNN MUHEIM, was born in 1966 and was 47 years old on the alleged date of disability onset of July 31, 2013. *See* AR. 143-45. Plaintiff graduated from high school and has a dental assistant certificate from college. AR. 41. Plaintiff has work experience as a dental assistant. AR. 41. She left her dental assistant job when, because of symptoms, she was "unable to do it all day anymore." AR. 42.

According to the ALJ, plaintiff has at least the severe impairments of "type I Diabetes with insulin pump, and lower extremity peripheral neuropathy; right shoulder rotator cuff tendinosis and bursitis; bilateral carpal tunnel syndrome; history of lumbar and cervical strain; fibromyalgia (20 CFR 404.1520(c))." AR. 23.

At the time of the hearing, plaintiff was living with her husband and son in the family home. AR. 44.

PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 68, 69).  Plaintiff's requested hearing was held before Administrative Law Judge Gordon W. Griggs ("the ALJ") on September 22, 2015.  AR. 34-67.  On October 14, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act.  AR. 18-33.

On January 25, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review.  AR. 1-7; *see also* 20 C.F.R. § 404.981.  Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in February 2017.  *See* Dkt. 3. Defendant filed the sealed administrative record regarding this matter ("AR.") on May 2, 2017.  *See* Dkt. 9.

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether the ALJ properly considered plaintiff's upper extremity limitations; (2) Whether remand is necessary to consider the evidence submitted to the Appeals Council; and (3) Whether this case should be remanded for a finding of disability (*see* Dkt. 11, p. 1).  With respect to plaintiff's first assignment of error—whether the ALJ properly considered plaintiff's upper extremity limitations—plaintiff includes a number of assertions regarding the ALJ's alleged errors, which will be addressed separately, including that: (1) the ALJ improperly discounted the opinion of Mark Heilbrunn, M.D; (2) the ALJ improperly determined that plaintiff was not credible as to the severity of her impairments; and (3)

1  the ALJ incorrectly determined which jobs plaintiff was capable of performing based

2  upon the vocational expert's testimony.

3  <u>STANDARD OF REVIEW</u>

4  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

5  denial of social security benefits if the ALJ's findings are based on legal error or not

6  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

7  1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

8  1999)).

9

10  <u>DISCUSSION</u>

11  Because the first issue regarding the ALJ's consideration of plaintiff's upper

12  extremity limitations includes several sub-issues, the Court will address each of these

13  sub-issues separately below.

14  (1)   Whether the ALJ properly considered Mark Heilbrunn, M.D.'s medical
       opinion.

15
16  Plaintiff argues that the ALJ erred in his treatment of the opinion of examining

17  physician Mark Heilbrunn, M.D.  *See* Dkt. 11, pp. 11-14.  The ALJ must provide "clear

18  and convincing" reasons for rejecting the uncontradicted opinion of either a treating or

19  examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996)

20  (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

21  502, 506 (9th Cir. 1990)).  But when a treating or examining physician's opinion is

22  contradicted, that opinion can be rejected "for specific and legitimate reasons that are

23  supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing

24

*Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Heilbrunn performed a consultative exam on March 18, 2014.  AR. 322-28.  Dr. Heilbrunn reviewed medical records and charted plaintiff's medical history as well as social factors such as her activities of daily living and family history.  AR. 322-23.  Dr. Heilbrunn also examined plaintiff and opined that plaintiff is "limited in the use of her hands for fine and dexterous movements, handling, and feeling but is able to effect pushing/pulling on a frequent basis."  AR. 327.  Dr. Heilbrunn also opined that plaintiff could not "accomplish bilateral above shoulder level reaching … [and] is able to effect below shoulder reaching on an occasional basis."  *Id.*

The ALJ gave "some but limited weight" to Dr. Heilbrunn's opinion.  AR. 27.  The ALJ determined that Dr. Heilbrunn's "[b]elow shoulder reaching limitation to occasional is internally inconsistent with pushing/pulling with the upper extremities on a frequent basis."  AR. 27.  The ALJ also determined that Dr. Heilbrunn's opinion is inconsistent with plaintiff's "ability to shop, prepare meals, feed herself, and care for her personal hygiene."  AR. 27.  The ALJ noted "I find that the claimant could have occasional reaching overhead.  The claimant did have abduction and flexion to 90 degrees bilaterally.  Imaging showed only moderate bursitis and mild tendinosis."  AR. 27.

First, the ALJ rejected Dr. Heilbrunn's opinion because he determined that Dr. Heilbrunn's below shoulder limitation was internally inconsistent with Dr. Heilbrunn's opinion that the plaintiff could push/pull frequently. AR. 27. Although an ALJ may properly reject the opinion of an examining doctor that is internally inconsistent, *see Bayliss*, 427 F.3d at 1216, the Court finds that the purported internal inconsistency is not supported by substantial evidence. The ALJ does not explain why an ability to push and pull frequently is inconsistent with a limitation that plaintiff is able to effect below shoulder reaching only on an occasional basis. Indeed, the Court notes that a person could push/pull without reaching below shoulder. Thus, the ALJ's reason for discounting Dr. Heilbrunn's opinion on this basis is not a specific and legitimate reason supported by substantial evidence.

Second, the ALJ rejected Dr. Heilbrunn's opinion that plaintiff could not accomplish bilateral above should reaching because the *ALJ* determined "that the claimant could have occasional reaching overhead. The claimant did have abduction and flexion to 90 degrees bilaterally. Imaging showed only moderate bursitis and mild tendinosis." AR. 27. The rejection of a physician's opinion due to discrepancy or contradiction between the opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province." *Bayliss*, 427 F.3d at 1216. However, an ALJ is not permitted to play doctor. "'The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.'" *Taylor v. Colvin,* No. 12-CV-05599 JRC, 2013 WL 5946052, at *5

(W.D. Wash. Nov. 6, 2013) (quoting *Schmidt v. Sullivan,* 914 F.2d 117, 118 (7th Cir. 1990)).  Thus, the ALJ erred by rejecting Dr. Heilbrunn's medical opinion in favor of his own interpretation of plaintiff's examination.

Moreover, the ALJ's statement that "imaging showed only moderate bursitis and mild tendinosis" (AR. 27) is conclusory as the ALJ did not explain how the imaging results contradicted Dr. Heilbrunn's medical opinion.  The ALJ must "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).  Conclusory statements, without more, are insufficient to constitute specific and legitimate reasons, supported by substantial evidence in the record to reject Dr. Heilbrunn's opinion. *See Embrey v. Bowen,* 849 F.2d 418, 421–22 (9th Cir. 1988) (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion).  Without a more logical bridge between the Dr. Heilbrunn's examination findings, the imaging evidence, and the ALJ's conclusions regarding plaintiff's limitations, the Court cannot affirm the ALJ's rejection of Dr. Heilbrunn's opinion on this basis.

Third, the ALJ rejected Dr. Heilbrunn's opinion because he determined that the opinion is inconsistent with plaintiff's "ability to shop, prepare meals, feed herself, and care for her personal hygiene."  AR. 27.  Again, the ALJ's statement is conclusory, and he offers no explanation as to how plaintiff's ability to prepare meals, shop, feed herself, or take care of her personal hygiene conflicts with the limitations opined by Dr. Heilbrunn.  Indeed, the Court notes that the activities cited by the ALJ do not appear to

conflict with Dr. Heilbrunn's opined limitations that plaintiff can only reach below shoulder on an occasional basis or that plaintiff is limited with respect to her fine and dexterous movements, handling and feeling.

Finally, as noted by plaintiff, the ALJ did not address all of Dr. Heilbrunn's opined limitations.  The ALJ did not address Dr. Heilbrunn's opinion that plaintiff is "limited in the use of her hands for fine and dexterous movements, handling, and feeling."  AR. 327.  The Commissioner "may not reject 'significant probative evidence' without explanation."  *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).  The "ALJ's written decision must state reasons for disregarding [such] evidence."  *Flores*, 49 F.3d at 571.  Here, had the ALJ properly considered this portion of Dr. Heilbrunn's medical opinion, the RFC may not have included a determination that plaintiff is capable of "frequent handling, fingering, and feeling."  AR. 25.  Thus, the ALJ erred for this additional reason.

The Court also concludes that the error in the evaluation of Dr. Heilbrunn's opinion is not harmless.  The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).  Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable

1   ALJ, when fully crediting the testimony, could have reached a different disability

2   determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout*, 454

3   F.3d at 1055-56).  In *Marsh,* even though "the district court gave persuasive reasons to

4   determine harmlessness," the Ninth Circuit reversed and remanded for further

5   administrative proceedings, noting that "the decision on disability rests with the ALJ and

6   the Commissioner of the Social Security Administration in the first instance, not with a

7   district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).  Here, because the ALJ

8   improperly disregarded the opinion of Dr. Heilbrunn in forming the RFC and plaintiff

9   was found to be capable of performing work existing in the national economy, the error

10  affected the ultimate disability determination and is not harmless.

11

12          (2)     Whether the ALJ properly discounted plaintiff's testimony.

13          Plaintiff also asserts that the ALJ erred in discounting her testimony regarding her

14  functional limitations.  Dkt. 11, pp. 7-9.  The Court already has concluded that the ALJ

15  erred in reviewing the medical evidence and that this matter should be reversed and

16  remanded for further consideration.  In addition, a determination of a claimant's

17  credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. §

18  404.1529(c).  Therefore, plaintiff's credibility should be assessed anew following remand

19  of this matter.

20          (3)     Whether the ALJ erred in assessing jobs plaintiff can perform in the
                    national economy based upon the vocational expert's testimony.

21

22          Plaintiff also asserts that the ALJ erred in applying the vocational expert's

23  testimony.  Dkt 11, pp. 3-4.  If the ALJ reaches the final step in the sequential analysis,

24

the burden shifts to the Commissioner to prove that the claimant can perform other work in the national economy, given her age, education, RFC, and past work experience. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *see also* 20 C.F.R. §§ 404.1594(f)(8), 416.994(b)(5) (vii). The Court has concluded the ALJ committed harmful error when he failed to properly evaluate Dr. Heilbrunn's opinion. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess plaintiff's RFC on remand, he must also re-evaluate the findings at Step Five, if necessary, to determine if plaintiff can perform the jobs identified by the vocational expert in light of the new RFC.

          (4)      Whether remand is necessary to consider the evidence submitted to the Appeals Council.

Plaintiff also argues that the matter must be remanded to consider new evidence submitted to the Appeals Council. Dkt. 11, pp. 14-17. The Ninth Circuit has held "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). As this matter has been

remanded based upon the ALJ's error in evaluating Dr. Heilbrunn's opinion, the ALJ

shall also consider the new evidence submitted to the Appeals Council.

      (5)      Whether this case should be remanded for a finding of disability.

      Plaintiff contends that this matter should be reversed and remanded with a

direction to award benefits. Dkt. 11, pp. 17-19. The Court may remand this case "either

for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d

1273, 1292 (9th Cir. 1996). Generally, when the Social Security Administration does not

determine a claimant's application properly, "'the proper course, except in rare

circumstances, is to remand to the agency for additional investigation or explanation.'"

*Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the

Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence

should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211

F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen*, 80 F.3d at 1292). An award of benefits

is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is clear from the record
> that the ALJ would be required to find the claimant disabled were such
> evidence credited.

*Harman*, 211 F.3d at 1178 (quoting *Smolen*, 80 F.3d at 1292).

      Here, outstanding issues must be resolved, including evaluation of Dr. Heilbrunn's

medical opinion and of the new evidence submitted to the Appeals Council. *See Smolen,*

80 F.3d at 1292. An additional outstanding issue is whether or not a vocational expert

may still find an ability to perform work existing in the national economy if the

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11

1    improperly discredited evidence is credited in full, if plaintiff's testimony is credited in

2    full, or if the new evidence changes the RFC.  Accordingly, remand for further

3    consideration is warranted in this matter.

4                                                CONCLUSION

5            Based on these reasons, and the relevant record, the undersigned recommends that

6    this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

7    405(g) to the Acting Commissioner for further proceedings consistent with this Report

8    and Recommendation.  **JUDGMENT** should be for **plaintiff** and the case should be

9    closed.

10           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

12   Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

13   purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

14   Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

15   matter for consideration on November 17, 2017, as noted in the caption.

16           Dated this 24th day of October, 2017.

17

18

19

20           J. Richard Creatura
             United States Magistrate Judge

21

22

23

24